MEYERS, J.
This appeal arises from a judgment awarded plaintiff on the following facts:
Plaintiff was employed as a salesman by defendant real estate broker. While so employed, plaintiff secured an exclusive listing from one Kolb, for the sale of his property. By its terms, the listing terminated on August 8, 1955. Said listing provided that, in the event of a sale within 60 days to a buyer produced by the broker during the period of the listing, the broker would be entitled to his commission. Such a sale was made, and after litigation, the defendant received its commission from Kolb.
Plaintiff’s employment contract with the defendant gave him the right to a share of the commission received by the defendant if plaintiff had secured the listing contract of the property sold, and a further commission if plaintiff was the salesman who procured the sale.
Subsequent to August 8, 1955, and before the sale of the *Supp. 930 property in question, the plaintiff voluntarily terminated his employment with the defendant, The defendant contends that plaintiff’s claim to a share of the commission is defeated by the following language in the employment contract : ‘ ‘ The salesman shall, after the termination of this contract, relinquish all rights and commissions on listings left and said listings shall remain and thereof be the property of the broker’s office.”
We cannot agree with this contention. The question hinges on what is meant by the words ‘ ‘ commissions on listings left, ’ ’ as used in the quoted language of the contract. As here used, a listing is an exclusive authorization to the real estate broker to sell the designated real property. The commissions on listings must refer to the exclusive listing commission of 10 per cent provided for by the contract. It would not logically refer to a selling commission, as there would be no sales made by the employee for the employer’s benefit after the termination of the contract. It is therefore apparent that this language is not intended to deprive the salesman of any commission earned by him for a sale made during the period of employment, even though that commission should not become payable until a later date. The plaintiff agreed to leave his listings behind, but did not agree to abandon any commissions earned.
It may be pointed out that the paragraph above quoted, upon which the defendant relies, is apparently for the purpose of protecting an employer from the loss of active listings obtained for the employer’s benefit. It gives the employer the right to continue to look for a buyer in the hope of earning a commission. In the case at bar, the time for finding a buyer had elapsed before plaintiff terminated his employment with defendant.
When the defendant sued Kolb for the sales commission, it claimed, and does not now deny, that plaintiff’s activity was the procuring cause of the sale. It follows that the plaintiff had earned his commission before terminating his employment. In the case of Willson v. Turner Resilient Floors, Inc., 89 Cal.App.2d 589, at page 595 [201 P.2d 406], the court said:
“Where the agent is the procuring cause of the transaction which he was authorized to negotiate he is entitled to his commission irrespective of the fact that the principal himself, or through others, may have intervened and actually completed the final act of the negotiation. Accordingly an agent *Supp. 931 who was the procuring cause of the transaction is entitled to his commission irrespective of the fact that it was consummated by the principal, that he was not personally present when it was entered into, that it was consummated without his knowledge, or that he did not personally see or talk to the other party entering into the transaction.”
Or, as said succinctly in Sessions v. Pacific Improvement Co., 57 Cal.App. 1, at page 18 [206 P. 653]: “So when the broker is in fact the primary procuring cause, the law will not deprive him of his commission because the negotiations were completed through someone else, and even perhaps without the broker having himself met or communicated personally with the buyer. As it is sometimes put in homely phrase in such cases, ‘He who shakes the tree is the one to gather the fruit. ’ ”
The plaintiff did not breach his contract by terminating the employment. He was entitled to quit without losing commissions already earned. He was protected in this by Paragraph 6 of the employment contract, which reads as follows : “This contract, and the association created hereby, may be terminated by either party hereto, at any time upon notice given to the other; but the rights of the parties to any commission, which accrued prior to said notice, shall not be divested by the termination of this contract.”
To deprive plaintiff of a selling commission would be to forfeit the fruits of his labor. There is nothing in the language of the contract that compels such a forfeiture. As the commission schedule calls for payment to the salesman of 60 per cent of the commission received by the broker “for exclusive listing and selling,” and as the plaintiff obtained the exclusive listing and was the procuring cause of the sale, he is entitled to the 60 per cent awarded him by the trial court.
The judgment for the plaintiff is affirmed, with costs to the respondent.
Kellas, P. J., and Goldstein, J., concurred.